**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

JOSE M. RODRIGUEZ-HERNANDEZ,

    Plaintiff,

        v.                                Civil No. 03-1461(PG)

VICTOR RIVERA GONZALEZ, ET AL.,

    Defendants.

## ORDER

The parties settled the claims in the above-captioned case and judgment was entered on May 18, 2006. (Docket Nos. 65 & 66.) By September 2006, defendants had yet to pay the settlement amount, therefore, plaintiff filed a motion to compel payment and for the imposition of interest. (Docket No. 67.) In November 2006, plaintiff filed a second motion to compel payment. (Docket No. 68.) In December 2006, the Court issued an order for defendants to comply with the settlement. (Docket No. 69.) In February 2007, plaintiff filed a Motion for Contempt in light of defendants' non-compliance with the Court's order. (Docket No. 72.) In March 2007, the Court issued an order finding defendants in contempt. (Docket No. 73.) By July 2007, defendants had still not paid, hence, plaintiff filed a motion to enforce judgment. (Docket No. 74.) The Court held a Status Conference on July 30, 2007 to discuss the situation. Defendants were granted until August 31, 2007 to analyze the amount of interest due and submit payment. On August 30, 2007, defendants sought an extension of time until October 4, 2007 to submit payment. To date, October 16, 2007, defendants have yet to pay and comply with the Court's orders.

Federal district courts have broad powers to punish contumacious conduct. See United States v. Horn, 29 F.3d 754, 763 (1st Cir.1994). District courts have, not only the inherent authority, but also the duty to protect and effectuate their judgments and to punish disobedience of or resistance to

Civ. No. 03-1461(PG)                                                    Page 2

their lawful orders and decrees. See Morales Feliciano v. Rosello Gonzalez, 124 F.Supp.2d 774, 784 (D.P.R.2000) (citing First Sec. Nat. Bank and Trust v. U.S., 382 U.S. 34, 35 (1965); Morales Feliciano v. Hernandez Colon, 697 F.Supp. 26, (D.P.R.1987)). "The power of courts to punish for contempt is a necessary and integral part of the independence of the judiciary, and it is absolutely essential to the performance of the duties imposed on them by law." Rosello Gonzalez, 124 F.Supp.2d at 784-785.

In order to protect the due and orderly administration of justice and maintain the authority and dignity of the court, federal courts are empowered to issue sanctions for civil contempt. See Goya Foods, Inc. v. Wallack Management Co., 290 F.3d 63, 78 (1st Cir.2002) (citing Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980)). A monetary sanction assessed for the purpose of compensating the complainant for losses sustained by reason of the contemnor's acts, as well as the imposition of attorneys' fees and costs, are within the universe of permissible sanctions for civil contempt. See Goya Foods, 290 F.3d at 78 (internal citations omitted).

The history of the case speaks for itself. Defendants have been ignoring the Court's orders for more than a year notwithstanding the fact that they were found in contempt of Court in February 2007. Defendants' disobedience will not be tolerated anymore. Therefore, in exercise of its powers, and having found Defendants in contempt, the Court hereby imposes sanctions. Defendants are **ORDERED** to pay Plaintiff **$50.00 per day, commencing today, until the settlement amount, including interests accrued up to October 4, 2007,** is paid in full in compliance with the Court's Judgment.

**SO ORDERED.**

In San Juan, Puerto Rico, October 16, 2007.

                                         S/JUAN M. PEREZ-GIMENEZ
                                         U. S. DISTRICT JUDGE